## McKINLEY *vs.* GARRISON.

### Twelfth Judicial District Court, June, 1857.

#### CAUSES OF ACTION—ASSIGNMENT.

A plaintiff cannot unite a cause of action for professional services with a cause of action to cancel a promissory note.

The assignment of a chose in action must be averred in a complaint—it cannot be taken for granted.

It appears from the complaint that McKinley sues Garrison for $1250 balance due for professional services, which were performed by himself and brother, and which claim he avers now belongs to himself as it came to him in the settlement of the partnership affairs of McKinley & McKinley. The complaint also seeks to obtain a decree declaring a certain note given by McKinley to Garrison, for $500, canceled, inasmuch as McKinley gives Garrison credit for $500 in

this suit, which he alleges he received, but gave a note for at Garrison's bank.   The defendant demurred to the complaint.

*McKinley*, for plaintiff.

*Crockett & Page*, for defendant.

NORTON, J.—I am inclined to hold the demurrer well taken in this cause.   The plaintiff cannot join in action a claim for professional service and a right to have a note canceled.   The better way was to sue for the whole amount and then the defendant in his answer could have set up the $500 note and thus bring it before the Court.   The causes of action differ too widely to be thus united.

The averment of the assignment is entirely too loose also ; the plaintiff says that in the settlement of the partnership affairs it came into his hands, but fails to set out the facts of the assignment. This cannot be permitted.   The demurrer is sustained with leave to amend.